**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LEADENE BAKER,**

      **Plaintiff,**           **CIVIL ACTION NO. 07-cv-14258**

vs.

                             **DISTRICT JUDGE THOMAS L. LUDINGTON**

**COMMISSIONER OF**           **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Defendant's Motion to Dismiss should be GRANTED and the instant case dismissed.

\*\*\*

This matter is before the Court on the District Court Judge's Order Rejecting Magistrate Judge's Report and Referring Matter to Magistrate Judge Mona K. Majzoub dated April 8, 2008. (Docket no. 14). Plaintiff filed the instant complaint on October 5, 2007 asking for a jury trial of her case and seeking review of a denial of her claim for benefits under Title II of the Social Security Act. (Docket no. 1). Defendant filed a Motion to Dismiss on December 18, 2007, asserting that the Complaint failed to state a claim upon which relief could be granted. (Docket nos. 7, 8). Plaintiff did not file a Response to Defendant's Motion to Dismiss. This Court issued a Report and Recommendation dated March 7, 2008 recommending that Defendant's Motion to Dismiss be granted and Plaintiff's complaint be dismissed. (Docket no. 9). Plaintiff filed objections to the Report and Recommendation on March 17, 2008. (Docket no. 10). On March 20 and 24, 2008 Plaintiff filed a Response to Defendant's Motion to Dismiss and Objection to Request for Judicial

Review. (Docket nos. 11, 12, 13). Plaintiff objected that she did not respond to Defendant's Motion to Dismiss because she never received service of the same. In light of pro se Plaintiff's timely objection and the substantive Response she filed on March 20, 2008, the District Court rejected the Magistrate's Report and Recommendation and referred the matter back to the undersigned for consideration of Plaintiff's Response to Defendant's Motion to Dismiss and Objection to Request for Judicial Review. (Docket nos. 10-14).

The Court considered Plaintiff's Response to Defendant's Motion to Dismiss and Objection to Request for Judicial Review in full. (Docket no. 11). Plaintiff's Response does not change the Court's prior analysis of Defendant's Motion to Dismiss[1]. Plaintiff filed an application for Childhood Disability Benefits on May 19, 1999. (Docket no. 8). The application was denied in a decision dated March 29, 2001 following a hearing before an Administrative Law Judge. (Docket no. 8). The Appeals Council denied Plaintiff's request for review. (Docket no. 8). The March 29, 2001 ALJ's decision became the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Plaintiff filed a second application for Childhood Disability Benefits on October 6, 2004. (Docket no. 8). Plaintiff's application was denied on November 10, 2004 and Plaintiff was notified that her application concerned the same issues that were decided in connection with the prior application. (Docket no. 8). Plaintiff filed a request for hearing on October 4, 2005, nearly one year later and beyond the sixty days within which Plaintiff could request an appeal. (Docket no. 8). On January 18, 2006 Administrative Law Judge ("ALJ") J. Thomas McGovern dismissed Plaintiff's request for

---

[1]To the extent Plaintiff argues that Administrative Law Judge J. Thomas McGovern Administrative Law Judge decided her case without medical evidence, in his January 18, 2006 Order of Dismissal he specifically noted that "no new evidence was submitted with this application for benefits." (Docket no. 11 at 4 and docket no. 8 at 26).

hearing. The ALJ dismissed Plaintiff's request for the following reasons: (1) Plaintiff failed to file the request for hearing within the specified time for filing and the time for filing was not extended for good cause, (2) Plaintiff did not show good cause to reopen the final decision because Plaintiff did not furnish new and material evidence and there was no clerical error or error on the face of the evidence on which the decision was based, 20 C.F.R. §§ 404.987-.989, and (3) Plaintiff's request for hearing involves the rights of the same claimant and the same facts and issues which were decided in the March 29, 2001 decision, therefore *res judicata* applies pursuant to 20 C.F.R. § 404.957(c). (Docket no. 8). On August 20, 2007 the Appeals Council denied Plaintiff's Request for Review. Plaintiff filed her Complaint on October 10, 2007. (Docket no. 8). Defendant argues that the Court lacks subject matter jurisdiction to review the Commissioner's denial of Plaintiff's claim for benefits because Plaintiff does not have a "final decision" which is subject to judicial review under 42 U.S.C. § 405(g). 42 U.S.C. §§ 405(g) governs judicial review of social security claims and provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the District Court of the United States for the District of Columbia.

"The Social Security Act grants federal courts jurisdiction to review the Commissioner's decisions only if those decisions are made after a hearing." *Yeazel v. Apfel*, 148 F.3d 910, 911 (8th Cir. 1998); *see also Hilmes v. Sec'ty of Health and Human Servs.*, 983 F.2d 67, 69 (6th Cir. 1993) (upholding district court's judgment affirming secretary's dismissal of claimant's request for hearing

as untimely and barred by res judicata). Further, section 405(h) guarantees that "administrative exhaustion will be required" and prevents "review of decisions of the Secretary save as provided in the [Social Security] Act, which provision is made in § 405(g)." *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975).

Plaintiff appeals the ALJ's Order of Dismissal dated January 18, 2006. (Docket no. 8). In this case, Plaintiff has not obtained a final decision of the Commissioner after a hearing. "Denial of a request for a hearing on grounds of res judicata does not satisfy section 405(g)'s jurisdictional requirement that there be a 'final decision of the Secretary made after a hearing' in order for the district court to exercise review. In the absence of a hearing, a district court is deprived of jurisdiction to review the Secretary's decision." *Hilmes*, 983 F.2d at 69.

There is an exception to the district court's limited jurisdiction for constitutional challenges. *Id.* at 70; *Yeazel*, 148 F.3d at 911. Plaintiff's Response to Defendant's Motion to Dismiss and Objection to Request for Judicial Review did not allege a specific constitutional challenge for which the Court can grant review. Plaintiff generally alleged that she was "denied due process" and requests that her case be heard by a jury of her peers. (Docket no. 1 at 1, 6 and docket no. 11 at 3). However, the Court finds that these general allegations are without merit. Plaintiff requested and participated in a hearing held on September 20, 2000 with regard to the issues raised in her May 26, 1999 application, the same issues which the ALJ determined were barred by *res judicata* in Plaintiff's later request for hearing[2].

---

[2] Both the ALJ's January 18, 2006 Order of Dismissal and the Appeals Council's August 20, 2006 Notice reference an October 31, 2005 application by Plaintiff raising the same issues, facts and dates as those considered in the ALJ's Order of Dismissal and state that the Order of Dismissal and the Appeals Council's Notice apply to this later application.

Defendant's Motion to Dismiss should be granted and the instant Complaint dismissed.

**REVIEW OF REPORT AND RECOMMENDATION:**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated August 26, 2008        s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Leadene Baker and Counsel of Record on this date.

Dated August 26, 2008                    s/ Lisa C. Bartlett
                                                      Lisa C. Bartlett
                                                     Courtroom Deputy