UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEADENE BAKER,

        Plaintiff,

                                  Case Number 07-14258-BC
v.                                     Hon. Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____ /

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DENYING PLAINTIFF'S MOTIONS, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING COMPLAINT WITH PREJUDICE

On October 5, 2007, pro se Plaintiff Leadene Baker ("Plaintiff") filed a complaint, contending that Defendant Commissioner of Social Security's ("Defendant") violated the Social Security Act and her Due Process rights under the Fourteenth Amendment by incorrectly terminating her benefits without a hearing. On December 18, 2007, Defendant filed a motion to dismiss, contending that the Court did not have jurisdiction over the complaint because Plaintiff had not brought the action within sixty days of a "final decision." Dkt. # 7 (citing 42 U.S.C. § 405(g)). Plaintiff did not file a timely response.

On referral, Magistrate Judge Mona K. Majzoub issued a report and recommendation that Defendant's motion should be granted. Dkt. # 9. Plaintiff timely filed an objection, contending that she did have an opportunity to respond to Defendant's motion because she never received service via the United States Postal Service. Dkt. # 10. Plaintiff also substantively responded to Defendant's motion to dismiss. Dkt. # 11, 12, 13. Consequently, the Court rejected that report and recommendation and referred the matter to Magistrate Judge Majzoub to reconsider Defendant's

motion to dismiss in conjunction with Plaintiff's filings. Dkt. # 14.

On August 26, 2008, the magistrate judge issued a second report and recommendation, which reached the same conclusion that Defendant's motion to dismiss should be granted. Dkt. # 19. The magistrate judge summarized Plaintiff's application process for benefits from Defendant as follows:

> Plaintiff filed an application for Childhood Disability Benefits on May 19, 1999. The application was denied in a decision dated March 29, 2001 following a hearing before an Administrative Law Judge. The Appeals Council denied Plaintiff's request for review. The March 29, 2001 ALJ's decision became the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Plaintiff filed a second application for Childhood Disability Benefits on October 6, 2004. Plaintiff's application was denied on November 10, 2004 and Plaintiff was notified that her application concerned the same issues that were decided in connection with the prior application. Plaintiff filed a request for hearing on October 4, 2005, nearly one year later and beyond the sixty days within which Plaintiff could request an appeal. On January 18, 2006 Administrative Law Judge ("ALJ") J. Thomas McGovern dismissed Plaintiff's request for hearing. The ALJ dismissed Plaintiff's request for the following reasons: (1) Plaintiff failed to file the request for hearing within the specified time for filing and the time for filing was not extended for good cause, (2) Plaintiff did not show good cause to reopen the final decision because Plaintiff did not furnish new and material evidence and there was no clerical error or error on the face of the evidence on which the decision was based, 20 C.F.R. §§ 404.987-.989, and (3) Plaintiff's request for hearing involves the rights of the same claimant and the same facts and issues which were decided in the March 29, 2001 decision, therefore res judicata applies pursuant to 20 C.F.R. § 404.957(c). On August 20, 2007 the Appeals Council denied Plaintiff's Request for Review. Plaintiff filed her Complaint on October 10, 2007.

Dkt. # 19 at 2-3 (citations to docket omitted).

In determining that the complaint should be dismissed, the magistrate judge reached the following conclusions: (1) Plaintiff never obtained a final decision after Defendant denied her request for a hearing because it was barred by the doctrine or res judicata, and (2) Plaintiff "did not allege a specific constitutional challenge for which the Court can grant review." *See Hilmes v. Sec'y of Health and Human Servs.*, 983 F.2d 67, 69 (6th Cir. 1993).

On September 3, 2008, Plaintiff filed two motions seeking various relief. Dkt. # 20, 21. On

November 4, 2008, Plaintiff filed two additional motions also seeking various relief. While none of the motions are labeled as an objection, they do address, at least in part, the magistrate judge's report and recommendation. Consequently, the Court will consider the cognizable arguments presented in the filings as objections to the report and recommendation.

Plaintiff offers a few assignments of error. First, the administrative law judge ("ALJ") did not consider the merits of her appeal, incorrectly applying res judicata. Dkt. # 20 at 4. Plaintiff's complaint alleges that Defendant "did not consider merits of first application in denying second on res judicata." Dkt. # 1 at 6. Plaintiff does not offer any explanation why the ALJ incorrectly concluded that Defendant previously adjudicated her same claims. In fact, she acknowledges that Defendant substantively considered her earlier application for benefits in 2001, but Defendant erroneously denied benefits. Dkt. # 1 at 3.

Rather, Plaintiff cites *Yeazel v. Apfel*, 148 F.3d 910, 911-12 (8th Cir. 1998). *Yeazal* recognizes that federal courts do not have jurisdiction to review a denial of benefits on the grounds of res judicata unless "challenged on constitutional grounds." *Id.* at 911. While Plaintiff has alleged violation of her Due Process Rights under the Fourteenth Amendment, she has not provided any basis for this Court to conclude that the magistrate judge incorrectly found that her constitutional challenge lacked specificity. There is no allegation that Defendant did not notify Plaintiff that she had sixty days to challenge the January 18, 2006 denial. Plaintiff's complaint acknowledges that she did not challenge that decision until August 23, 2007. Dkt. # 1 at 3. Her complaint contains the following allegation concerning a violation of her constitutional rights, "I was clearly denied due process. My rights as a Disabled American were not uphelp [sic] or protected under the 14th Amendment and The Social Security Act. I strongly feel that a jury trial will put past all issues of

my being eligible for benefits as a (DAC) to rest." Dkt. # 1 at 6. Ultimately, Plaintiff has not specifically identified a cognizable violation of her constitutional rights. Thus, this Court does not have jurisdiction to review Defendant's denial benefits on the grounds of res judicata.

Next, Plaintiff contends that the report should be rejected because Defendant concluded she was disabled in 1989 and 1999. While Defendant may have concluded so, this fact does not cure the defect in this Court's jurisdiction.

Plaintiff also contends that this Court "adequately addressed" the motion to dismiss when the first report and recommendation was rejected. Dkt. # 21 at 5. While the Court did reject the first report and recommendation, it did so on procedural grounds. Dkt. # 14. Plaintiff's objection to that report and recommendation asserted that she did not receive notice of Defendant's motion to dismiss. The magistrate judge issued a report and recommendation without Plaintiff providing a substantive response. Thus, this Court concluded it was appropriate to reject the report and recommendation without considering the underlying substantive merits. In any event, that order does not cure the jurisdictional defect either.

Finally, the Court is unable to ascertain any other legal or factual basis in Plaintiff's motions that would indicate that this Court has jurisdiction over Plaintiff's complaint. To the extent that they request additional relief, the requests are moot.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [Dkt. # 19] is **ADOPTED**. Plaintiff's objections [Dkt. # 20, 21] are **OVERRULED** and remaining motions [Dkt. # 22, 23] are **DENIED** as moot.

It is further **ORDERED** that Defendant's motion to dismiss [Dkt. # 7] is granted. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

                                                                    s/Thomas L. Ludington  
                                                                    THOMAS L. LUDINGTON  
                                                                    United States District Judge

Dated: November 7, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 7, 2008.

                                        s/Tracy A. Jacobs  
                                        TRACY A. JACOBS